RAINWATER, T., Associate Judge.
The Heatherwood Community Homeowners Association [“Heatherwood”] sought to intervene below in a declaratory judgment action filed by appellee, Florida Rock Industries, Inc. [“Florida Rock”], against Citrus County, challenging the validity of a Comprehensive Plan Amendment that prevented mining on certain property owned by Florida Rock.
Florida Rock’s complaint against Citrus County requested the court to declare an amendment to the County’s Comprehensive Land Use Plan void ab initio on the ground that the amendment was instituted in violation of the Florida Sunshine Law. Additionally, Florida Rock alleged that the Citrus County commissioners engaged in illegal and improper ex parte communications with the general public relative to the amendment.
Heatherwood sought intervention based on the following: the association consisted of homeowners whose property was adjacent to Florida Rock’s property, and the property owners would be adversely affected by the trial court’s granting the relief requested, because Florida Rock intended to mine within 200 feet of the homeowners’ property.
Florida Rock argued that Heatherwood’s complaint for intervention relied on unsupported factual and conclusionary allegations of irreparable harm as a result of the potential invalidity on procedural grounds of the proposed Comprehensive Land Use Plan Amendment. Heatherwood has no claim to a lien upon the property as the litigation only involves issues of procedural defects in the county’s Comprehensive Plan Amendment process.
The general rule of intervention allows a party to intervene where the interve-nor will either gain or lose by the direct legal operation and effect of the judgment. Although Heatherwood was intensively involved in the original amendment process, there is no direct and immediate interest which the intervenors have in this action. Furthermore, Heatherwood does not stand to gain or lose by the direct legal operation and effect of the judgment in this action. As in the case of Grimes v. Walton County, 591 So.2d 1091 (Fla. 1st DCA 1992), the only possible adverse effect that a judgment by the trial court could have on Heatherwood would be to require it to be involved in representing its position in new hearings on the amendment. This is not the kind of interest that will support intervention.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.